In re **STOLICKER DAIRY FARMS, Debtor.**

Bankruptcy No. 86–05359–R.

United States Bankruptcy Court, E.D. Michigan, S.D.

Dec. 10, 1986.

George Jacobs, Bay City, Mich., for debtor.

Karl Overman, U.S. Atty's. Office, Detroit, Mich., for Farmer's Home Admin.

Clay Ottoni, Detroit, Mich., for Sanilac County Bank.

## ORDER GRANTING DEBTOR'S APPLICATION FOR CHANGE OF VENUE

STEVEN W. RHODES, Bankruptcy Judge.

### I.

With its petition under Chapter 11 of the Bankruptcy Code, the debtor filed an application for change of venue, contending that the case should be transferred to the Bankruptcy Court in the Northern Division of the Eastern District of Michigan, located at Bay City, Michigan. Specifically, the debtor contends that venue in the Northern Division would be more convenient for the debtor, its attorneys, and the creditors.

The debtor is located in or near Deckerville, Michigan, a small town approximately eight miles northeast of Sandusky, which is the county seat of Sanilac County and which is located approximately in the center of the county. Five creditors are located in Deckerville, including the Deckerville Veterinary Clinic, Margaret Haggerty, McEachin Excavating, Inc., Sanilac County Bank, and Wendall Williamson. Five other creditors are located elsewhere in Sanilac County, including Blue Water Harvestor Systems (at Marlette), Exchange State Bank (at Carsonville), New Centruy Bank (at Minden City), the Sanilac County Treasurer (at Sandusky), and Sandusky Tile Company (at Sandusky). Three creditors are located in Huron County, which is north of Sanilac County and which is in the Northern Division; these include Agri Computer Sales (at Sebewaing), the Farmer's Home Administration (at Bad Axe), and the Ruth Farmers Elevator, Inc. (at Ruth). The Federal Land Bank of St. Paul

is located at Caro, which is in Tuscola County, between Bay County and Sanilac County. One creditor, Bill Sillers, is in North Branch, which is in northern Lapeer County, between Sanilac and Tuscola counties. Two creditors are in Columbus, Ohio—Ford Motor Credit Company and Sperry New Holland Credit. One creditor, Zoyiopoulos & Associates, Inc. is in Evans, Colorado. One creditor, Borg-Warner Acceptance Corp., is in Indianapolis, Indiana. The other creditors are the taxing agencies, the Michigan Department of Treasury and the Internal Revenue Service.

Although the application for change of venue was noticed to all creditors, only three creditors responded. The Federal Land Bank of St. Paul indicated its support of the application for change of venue in a letter to the Court. Counsel for this creditor indicated that its claim would exceed $500,000 and that it would be more economical and expeditious to travel to Bay City rather than Detroit. The Sanilac County Bank, although located in the same town as the debtor, indicated its objection to the application, as did the Farmer's Home Administration. These creditors contend that this Court lacks the authority to grant the relief sought by the debtor and that it would not be more convenient for the parties if the venue of this case were changed to the Northern Division.

For the reasons stated herein, the Court concludes that it does have the authority to grant the relief requested by the debtor, and that the debtor's motion should be granted.

## II.

The objecting creditors' contention that the Court lacks authority to grant the inter-divisional transfer requested by the debtor is based upon 28 U.S.C. § 102(a), which provides that Sanilac County is in the Southern Division of the Eastern District and further provides that court for the Southern Division shall be held at Ann Arbor, Detroit, Flint, and Port Huron. These creditors argue that this statute requires that a bankruptcy case arising in Sanilac County must be heard in the Southern Division.

The difficulty with this argument is that 28 U.S.C. § 102 only creates the Eastern and Western Districts of Michigan and the divisions within them and then indicates where court can be held. This provision is not a venue provision. The United States District Court for the Eastern District of Michigan is one court, comprised of two divisions. Thus, the Court itself divides its business pursuant to 28 U.S.C. § 137, which provides:

The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court.

Also relevant here is 28 U.S.C. § 154(a), which provides:

Each bankruptcy court for a district having more than one bankruptcy judge shall by majority vote promulgate rules for the division of business among the bankruptcy judges to the extent that the division of business is not otherwise provided for by the rules of the district court.

A clear indication that 28 U.S.C. § 102 was not intended to be a venue provision is found in the extensive venue provisions of Chapter 87 of Title 28, Sections 1391–1412. Specifically, 28 U.S.C. § 1408 addresses the venue of bankruptcy cases:

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or

(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

■ It is noteworthy that this venue provision does not require that a bankruptcy case be filed within a particular division of a district court; when Congress sought to require a filing in a particular division of a district, it specifically so provided. *See, e.g.* 28 U.S.C. § 1393. Thus, it must be concluded that there is no statutory requirement that a bankruptcy case be filed in any particular division within a district.

The requirement that the debtor file its bankruptcy petition in the Southern Division arose from the Local Rules of the District Court and the Bankruptcy Court. *See* District Court Local Rule 33(G) and Local Bankruptcy Rule 105. However, both sets of local rules have provisions for change of venue. District Court Local Rule 7(f)(2), applicable at the time this case was filed,[1] provided:

> Transfer by Consent and by Order (Civil Cases): Upon consent of the parties, or upon notice and opportunity to be heard, a Judge may, in the interest of justice, transfer any case to a more appropriate Administrative Unit from the Administrative Unit in which it is pending.

> Bankruptcy Local Rule 106(e) provides: Transfer of Case or Proceeding. Upon notice and hearing, a Judge may, in the interest of justice or for the convenience of the parties, transfer a case or proceeding to any other court location within the District.

It must be concluded that these local rules were promulgated pursuant to the authority granted by the statutes quoted above. Further support for this conclusion is found in 28 U.S.C. § 1404, which provides:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

> (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

■ Accordingly, the Court concludes that there is no statutory prohibition against an inter-divisional, intra-district transfer of a bankruptcy case in the interest of justice or for the convenience of parties.

### III.

■ The Court further concludes that the change of venue requested by the debtor is in the best interest of all concerned. The official transportation map of the State of Michigan indicates that the distance from Deckerville to Bay City is approximately 56 miles while the distance from Deckerville to Detroit is approximately 82 miles. This 26 mile difference may not seem significant, but it could result in as much as an hour and a half to two hours for each round trip travel. Moreover, this difference affects not only the debtor; as noted above, most of the creditors are located in and around Deckerville, or in places that are even further from Detroit and closer to Bay City.

■ As noted, the Sanilac County Bank, located in Deckerville, objects to the change of venue. When stripped of the arguments advanced on behalf of other creditors, which those other creditors have

---

1. Effective November 1, 1986, District Court Local Rule 7(f)(2) was amended to provide:
   Transfer by Consent and by Order (Civil Cases): Upon consent of the parties, or upon notice and opportunity to be heard, a Judge may, in the interest of justice, transfer any case to a more appropriate place of holding court from the place of holding court in which it is pending.
   This amendment plainly does not affect the disposition of this matter.

not seen fit to make for themselves, the bank's argument is reduced to an assertion that the ·requested change of venue is inconvenient for the Detroit counsel retained by the bank. The Court concludes that this argument lacks merit; the great weight of authority holds that the convenience of counsel "is not to be considered at all or that it is to be given very little weight." 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure,* § 3850 at 262 (1976).

Likewise, the Court must conclude that the objection interposed on behalf of the Farmer's Home Administration lacks merit. Although this creditor is located in Huron County, which is in the Northern Division, the United States Attorney's Office indicated that it was administratively more convenient for its attorneys in Detroit to handle this matter, rather than its staff at the courthouse in Bay City. It is plainly more convenient for the employees of the Farmer's Home Administration in Bad Axe to travel to Bay City than to Detroit; and, as noted above, the administrative convenience of counsel is not a major consideration.

Given the closer proximity of the debtor and most of its creditors to Bay City, the Court must conclude that the interest of justice and the convenience of the parties requires that the venue of this case be transferred to the Northern Division at Bay City.

Accordingly, IT IS HEREBY ORDERED that the debtor's motion to change venue to the Northern Division at Bay City is granted.